IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ISMAEL RIVERA, et al.,                    )
                                          )
      Plaintiffs                      )
                                          )
    v.                              )        1:15-cv-1703 (LMB/JFA)
                                          )
WELLS FARGO BANK, N.A., et al.            )
                                          )
      Defendants.                     )

<u>MEMORANDUM OPINION</u>

Before the Court is defendants' Motion to Dismiss [Dkt. No. 6], which has been fully briefed and argued. In addition, before the Court is plaintiffs' Motion for Leave to File Amended Complaint [Dkt. No. 15]. For the reasons that follow, defendants' Motion to Dismiss will be granted and plaintiffs' Motion for Leave to File Amended Complaint will be denied as moot.

## I.   BACKGROUND

On August 28, 2008, Ismael Rivera ("Rivera") and Luz Oquendo ("Rivera") (collectively, "homeowners") executed a Deed of Trust and a Promissory Note as a security interest on 11948 Barrell Cooper Court, Reston, Virginia ("the property"). Notice of Removal, Ex. A, ¶¶ 1, 8 [Dkt. No. 1], Dec. 28, 2015 ("Compl."). Ivonee Cedeno ("Cedeno") (collectively with homeowners, "plaintiffs") was the tenant of the property and sister-in-law of the homeowners, but was neither a co-owner of the property nor a cosigner of any of the loan instruments at issue. <u>Id.</u> ¶ 2. Cedeno has power of attorney to act on the homeowners' behalf regarding the property. <u>Id.</u> Although the property was originally occupied by Rivera, he vacated it after he began to have health issues. Mem. in Supp. of Defs.' Mot. to Dismiss Pls.' First Am.

Compl. at 2 [Dkt. No. 7], Jan. 27, 2016 ("Defs.' Mem."). As was discussed at length during oral argument, Cedeno now uses the property to run a licensed child care business.[1] Id.

The assigned Deed of Trust named Avelo Mortgage ("Avelo") as lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and Federick L. Shreves, II as trustee. Compl. ¶ 9. The note in the amount of $236,874.00 named Avelo as the lender. Id. ¶ 10. The Note defines the "Note Holder" as "anyone who takes the Note by transfer and who is entitled to receive payments under the note." Id. ¶ 11.

Wells Fargo eventually began servicing the loan, and on August 23, 2012, in an Assignment of Deed of Trust, MERS as assignor and nominee for Avelo conveyed the Deed of Trust to Wells Fargo. Id. ¶¶ 12, 13. Two years after that assignment to Wells Fargo, Avelo became defunct. As a result, plaintiffs claim that MERS did not have the capacity to assign all beneficial interest on its own behalf or on behalf of Avelo. Id. ¶ 14. In essence, plaintiffs argue that "[w]ithout a principal, MERS could not act as an agent." Id. ¶ 15. According to the Deed of Trust, MERS may only exercise the powers of a Lender when "necessary to comply with law or custom." Id. ¶ 16.

On November 2, 2012, as holder of the Note, Wells Fargo executed and notarized an "Appointment of Substitute Trustee" appointing Substitute Trustees Equity Trustees, LLC ("Equity"). Id. ¶ 17. This document was recorded in August 2013. Plaintiffs assert that this appointment is void because it does not comply with VA Code § 55-59(9), which permits only

---

[1] At the conclusion of oral argument, the Motion to Dismiss was taken under advisement to allow the parties to confer as to whether plaintiffs had sufficient resources to bring the debt current. The parties then provided a status report on March 4, 2016 [Dkt. No. 19] requesting that the Court refrain from ruling on the motion until March 18, 2016 to allow plaintiffs time to submit their documents to Wells Fargo. The parties filed a second status report on March 25, 2016 [Dkt. No. 21] that advised the Court that plaintiffs submitted their documents to Wells Fargo on March 24, 2016 and requested that the Court rule on the pending motion.

the "party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby" to remove and appoint substitute trustees. Id. ¶ 19. Plaintiffs contend that Wells Fargo is not the noteholder because there was never a valid assignment. Id. ¶ 21.

The record does not reveal when plaintiffs fell into default, but Wells Fargo held a foreclosure sale on July 6, 2015, which resulted in Equity conveying the property to Wells Fargo on July 29, 2015 in a Trustee's Deed. Id. ¶¶ 22, 23. Plaintiffs allege that during the process of this foreclosure sale Wells Fargo violated paragraphs 9 and 18 of the Deed of Trust by failing to comply with 24 C.F.R. § 203.604, which requires that a lender conduct a face-to-face meeting with a defaulting borrower under certain circumstances. Id. ¶ 27. Plaintiffs claim that this alleged failure to comply with federal regulations along with accelerating the debt breached the Note because the Note prohibits acceleration "when not permitted by HUD regulations." Id. ¶ 30.

On August 13, 2015, Wells Fargo filed an unlawful detainer action in Fairfax County General District Court. Defs.' Mem. at 3. In response, plaintiffs filed this lawsuit against Wells Fargo and Equity on August 27, 2015 in the Circuit Court of Fairfax County. Id. On November 13, 2015, the Circuit Court granted Wells Fargo's Demurrer and Plea in Bar and dismissed plaintiff's claims with leave to amend the complaint. Id. On December 4, 2015, plaintiffs filed their first amended complaint against Wells Fargo and MERS (collectively, "defendants). On December 28, 2015, defendants filed a Notice of Removal, and on January 27, 2016, they filed a motion to dismiss.

Count I of the complaint raises a claim for quiet title against both defendants, requesting that all documents creating a cloud on plaintiffs' title in the land records be removed and/or be stricken. Id. ¶ 31. Count II raises a breach of contract claim against only Wells Fargo and requests

that the Court order Wells Fargo to abide by the terms of the Deed of Trust and provide plaintiffs with the required face-to-face meeting. Id. ¶ 38. Plaintiffs also seek a rescission of the foreclosure sale. Id. ¶ 53.

## II.  DISCUSSION

### A.  <u>Standard of Review</u>

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege facts that "state a plausible claim for relief" and "are sufficient to raise a right to relief above the speculative level." <u>Walters v. McMahen</u>, 684 F.3d 435, 439 (4th Cir. 2012) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Although a plaintiff "need not forecast evidence sufficient to prove the elements of the claim," the complaint must "allege sufficient facts to establish those elements." Id. (quoting <u>Robertson v. Sea Pines Real Estate Cos.</u>, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Thus, "a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

In evaluating whether a plaintiff has successfully "nudg[ed] [his] claims across the line from conceivable to plausible," a court must "accept the truthfulness of all factual allegations." <u>Burnette v. Fahey</u>, 687 F.3d 171, 180 (4th Cir. 2012) (quoting <u>Twombly</u>, 550 U.S. at 555). A court is not required to "assume the veracity of 'bare legal conclusions.'" Id. (quoting <u>Aziz v. Alcolac, Inc.</u>, 658 F.3d 388, 391 (4th Cir. 2011)).

### B.  <u>Standing With Regard to Assignment of Deed of Trust</u>

In Count I, which is brought against both defendants, plaintiffs try to claim that the assignment of the Deed of Trust executed by MERS in favor of Wells Fargo is invalid, and accordingly, that Wells Fargo lacks legal standing to foreclose on the property. Plaintiffs argue

that this assignment defect entitles them to quiet title. In response, defendants contend that plaintiffs may not contest a contract to which they were not either a party or beneficiary; and as such, they lack standing to challenge the assignment of the Deed of Trust. Defs.' Mem. at 7. Defendants rely upon Mabutol v. Fed. Home Loan Mortgage to support this proposition. As the court in Mabutol explained, "the plaintiffs are neither party to nor intended beneficiaries of the assignment from MERS to Nationstar. Nor does the complaint allege that the plaintiffs are either party to or intended beneficiaries of the assignment. Accordingly, in the absence of an enforceable contract right, the plaintiffs lack standing to challenge the assignment's validity." No. 2:12CV406, 2013 WL 1287709, at *4 (E.D. Va. Mar. 25, 2013). Indeed, as other courts in this district have found, "[p]laintiffs[] lack standing to contest the assignments at issue along with [the assignee's] purported authority gained therefrom. Virginia courts routinely dismiss such challenges on the basis of lack of standing because the complainant was not a party to or intended beneficiary of the challenged document." Pena v. HSBC Bank USA, No. 1:14CV1018 JCC/JFA, 2014 WL 5684798, at *5 (E.D. Va. Nov. 4, 2014) aff'd sub nom. Pena v. HSBC Bank USA, Nat. Ass'n, No. 14-2329, 2015 WL 9461334 (4th Cir. Dec. 28, 2015).

Plaintiffs' only response to this argument is to claim constitutional standing, a line of argument that exhibits a fundamental misunderstanding of defendants' contentions. Because plaintiffs do not have standing to challenge the assignment of the deed of trust, Wells Fargo's authority to foreclose on the property is valid.

### C. Merits of the Quiet Title Claim

Defendants argue that plaintiffs cannot allege that they possess superior title, which is a prerequisite to an action for quiet title as alleged in Count I, because they have not fully satisfied all legal obligation to the party in interest. Defs.' Mem. at 6. In Virginia, "an action to quiet title

is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title. Thus, in a quiet title action, a plaintiff asks the court to declare that he has good title to the property in question and compels any adverse claimant to prove a competing ownership claim or forever be barred from asserting it." Maine v. Adams, 277 Va. 230, 238 (2009) (internal citations omitted). Specifically, defendants argue that plaintiffs have not pleaded any facts that suggest superior title to the property or satisfaction of all obligations to Wells Fargo. Defs.' Mem. at 6. Indeed, it is clear from the pleadings that this loan was never paid off, forgiven, cancelled, or extinguished. Defs.' Mem.at 7. In response, plaintiffs appear to concede that they do not meet the requirements for quiet title; however, plaintiffs try to avoid dismissal of Count I by arguing that the count is really focused on seeking a declaratory judgment to remove cloud on title, which should survive the motion to dismiss. Mem. in Supp. of Pls.' Opp'n to Defs.' Mot. to Dismiss at 10 [Dkt. No. 12], Feb. 12, 2016 ("Pls.' Opp'n").

Plaintiff's argument is meritless. Count I fails to allege a viable claim for quiet title. "In order to assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest." Bagley v. Wells Fargo Bank, N.A., No. 3:12-CV-617, 2013 WL 350527, at *8 (E.D. Va. Jan. 29, 2013). Because plaintiffs do not have standing to challenge the assignment of the deed of trust and have failed to allege that they have satisfied their legal obligation to Wells Fargo, the party in interest, Count I will be dismissed in its entirety.

### D.  Breach of Contract

In Count II, which is brought only against Wells Fargo, plaintiffs allege that Wells Fargo breached the terms of the Deed of Trust by seeking to enforce the deed through foreclosure when it did not follow Housing and Urban Development ("HUD") regulations requiring Wells Fargo to

have a face-to-face meeting with the mortgagor before accelerating the debt. In response, defendant argues that the regulation that was allegedly breached does not apply because the mortgagors were not residing in the property. Defs.' Mem. at 12. Plaintiffs' only substantive response to this assertion is that someone with power of attorney over the property was living there. Pls.' Opp'n at 17.

Under 24 C.F.R. § 203.604(b), a mortgagee is required to have or at least attempt to have a face-to-face meeting with a mortgagor in certain circumstances in advance of accelerating the debt. One exception to this rule is when "[t]he mortgagor does not reside in the mortgaged property." § 203.604(c)(1). Accordingly, Wells Fargo never owed the plaintiffs this duty, Defs.' Mem. at 12-13, and plaintiffs have not pleaded any facts that would support such a duty because the mortgagors do not currently reside in the mortgaged property, nor did they reside there at the time the debt was accelerated. Accordingly, Count II will be dismissed.

### E. Motion for Leave to Amend Complaint

After defendants filed their Motion to Dismiss and it was fully briefed, plaintiffs filed their Motion for Leave to File Amended Complaint on the morning of oral argument. The brief memorandum in support of this motion did not provide the Court with any indication as to what plaintiffs would add to their existing amended complaint, nor did they follow the normal practice of attaching the proposed amended complaint. Given the above discussion, which clearly demonstrates that the plaintiffs' claims as to this loan and the foreclosure lack merit, it is not reasonable foreseeable that plaintiffs could plead any set of facts that would support their claims. Therefore, this motion will be denied.

### III.   CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss will be GRANTED by an appropriate Order to be issued with this Memorandum Opinion, and plaintiffs' Motion for Leave to Amend will be DENIED AS MOOT.

Entered this 29 day of March, 2016.

Alexandria, Virginia

                                                        /s/

                                          Leonie M. Brinkema
                                          United States District Judge

8